Mr. James G. Sisco St. Johns County Attorney Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Sisco:
On behalf of the Housing Finance Authority of St. Johns County, you have asked for my opinion on substantially the following question:
Is the Housing Finance Authority of St. Johns County authorized to lend surplus authority funds to private individuals for a small "for-profit" apartment complex if the loan by the authority will be secured by a first mortgage on the apartment complex and the terms of the mortgage will require that each rental unit be rented to or held available for low-income families or individuals?
In sum:
The Housing Finance Authority of St. Johns County is authorized by section 159.608(3), Florida Statutes, to make mortgage loans to individuals for the purchase of qualifying housing developments, such as a small apartment complex that is to be rented to low-income families or individuals.
The Housing Finance Authority of St. Johns County is organized pursuant to the "Florida Housing Finance Authority Law," Part IV, Chapter 159, Florida Statutes.[1] In enacting the law, the Legislature declared that the shortage of housing available at prices or rentals affordable to many people and families in this state constitutes a threat to the health, safety, morals, and welfare of Floridians. This shortage of affordable housing also deprives the state of an adequate tax base and requires the state to make excessive expenditures for crime prevention and control, public health, welfare, and safety, fire and accident protection, and other public services and facilities.[2]
The Legislature has determined that this shortage should be relieved "through the encouragement of investment by private enterprise and the stimulation of construction and rehabilitation of housing through the use of public financing and the provision of low-cost loans to purchase affordable housing."[3] Further,
"[t]he financing, acquisition, construction, reconstruction, and rehabilitation of housing and of the real and personal property and other facilities necessary, incidental, and appurtenant thereto are exclusively public uses and purposes for which public money may be spent, advanced, loaned, or granted and are governmental functions of public concern."[4]
Thus, housing finance authorities may operate in a variety of capacities in order to accomplish the purposes of the act, i.e., they may serve exclusively as a financing resource for buyers of affordable housing or they may act as a developer or rehabilitator of affordable housing. The provisions of the housing finance law are declared to be necessary and in the public interest.[5]
Each county in the state is authorized to create a housing finance authority by ordinance. These authorities are separate public bodies corporate and politic limited to carrying out only the powers granted in the act and exercising public and essential governmental functions.[6] Among the powers granted to these authorities is the power to sue and be sued; to make, amend, and repeal bylaws, rules, and regulations; to own real and personal property acquired through the use of surplus funds or through public and private partnerships; to purchase or make commitments to purchase or to make loans for the purposes of the act; to borrow money through the issuance of bonds for single-family housing and qualified housing developments; to make loans to lending institutions and directly to persons or families who otherwise could not borrow from conventional lending sources; and to make loans or grant surplus funds to corporations that qualify as not-for-profit corporations for the development of affordable housing.[7]
Section 159.608, Florida Statutes, authorizes a housing finance authority to "exercis[e] the public and essential governmental functions set forth in this act[.]" Included among those is the power
"(2) To own real and personal property acquired through the use of surplus funds or through public and private partnerships. . . .
* * *
(5) To make loans to lending institutions under terms and conditions requiring the proceeds thereof to be used by such lending institutions for the making of new mortgages for any qualifying housing development. . . .
(6) To deposit funds into an account with a lending institution to provide security for the lending institution to make loans to eligible persons for the purchase, construction, reconstruction, or rehabilitation of single-family homes or to developers for the construction, reconstruction, or rehabilitation of qualifying housing developments[.]"
Most relevant to your situation, section 158.608(3), Florida Statutes, provides housing finance authorities with the power
"[t]o purchase or make commitments to purchase or to make loans for such purpose, and to take assignments of . . . mortgage loans and promissory notes accompanying such mortgage loans . . . for the construction, purchase, reconstruction, or rehabilitation of the qualifying housing development or portion thereof[.]" (The section also requires that the proceeds of sale of the property financed with this money or equivalent moneys must be reinvested in mortgage loans.)
Thus, it appears that a housing finance authority is authorized to make mortgage loans for the purchase of qualifying housing developments.
For purposes of Part IV, Chapter 159, Florida Statutes, a "[q]ualifying housing development" is
"any work or improvement located or to be located in the state, including real property, buildings, and any other real and personal property, designed or intended for the primary purpose of providing decent, safe, and sanitary residential housing for four or more families, at least 60 percent of whom are eligible persons, whether new construction, the acquisition of existingresidential housing, or the remodeling, improvement,rehabilitation, or reconstruction of existing housing, together with such related nonhousing facilities as the authority determines to be necessary, convenient, or desirable."[8] (e.s.)
According to your letter the property involved in this opinion request is a 12-unit apartment complex located in or near a low-income neighborhood. The rental units in the apartment complex are being rented on a month-to-month basis to low-income families or individuals at rentals below the norm in the community. The authority's refinancing loan to the owners would be secured by a first mortgage on the apartment complex that would include a requirement that each residential unit in the apartment complex be rented to, or held available for, low-income families or individuals.
This residential housing property and its remodeling, improvement, rehabilitation or reconstruction would come within the scope of the term "qualifying housing development" so long as it provides "decent, safe, and sanitary residential housing for four or more families, at least 60 percent of whom are eligible persons[.]"[9]
Thus, section 159.608(3), Florida Statutes, and related provisions of Part IV, Chapter 159, Florida Statutes, appear to authorize the housing finance authority to make a mortgage loan for the purchase or refinancing of this property.
You have noted that the mortgagor of this apartment complex is a private citizen who will make a small profit on these rentals rather than a nonprofit corporation. While section 159.609, Florida Statutes, prohibits the housing finance authority or any local governmental unit from financing any qualifying housing development "for its own profit or as a source of revenue" to the state or any local governmental unit, nothing in this part prohibits others from making a profit from such an undertaking.[10] Thus, I do not see the fact that the mortgagor will be making a small profit on these rentals as fatal to this plan.
Therefore, it is my opinion that the provisions of Part IV, Chapter 159, Florida Statutes, authorize the Housing Finance Authority of St. Johns County to make mortgage loans for the refinancing (which is a purchase) of an apartment complex for low-income residential rental as required by section 159.608(3), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 159.601, Fla. Stat., for the title of the act.
[2] Section 159.602(1), Fla. Stat.
[3] Section 159.602(2), Fla. Stat.
[4] Section 159.602(3), Fla. Stat.
[5] Section 159.602(5), Fla. Stat.
[6] See, ss. 159.604 and 159.608, Fla. Stat.
[7] Section 159.608(1), (2), (3), (4), (5), (8) and (10)(a), Fla. Stat. And see, Op. Att'y Gen. Fla. 90-64 (1990), discussing the powers of housing finance authorities.
[8] Section 159.603(6), Fla. Stat.
[9] Section 159.603(7), Fla. Stat., defines "[e]ligible persons" to mean:
"one or more natural persons or a family, irrespective of race, creed, national origin, or sex, determined by the housing finance authority to be of low, moderate, or middle income. Such determination does not preclude any person or family earning up to 150 percent of the state or county median family income from participating in programs. Persons 65 years of age or older shall be defined as eligible persons regardless of their incomes. In determining the income standards of eligible persons for its various programs, the housing finance authority may consider the following factors:
(a) Requirements mandated by federal law.
(b) Variations in circumstances in different areas of the state.
(c) Whether the determination is for rental housing or homeownership purposes.
(d) The need for family-size adjustments to accomplish the purposes set forth in this act."
[10] Your request does not indicate that this individual is related to or has any business association with any member of the Housing Finance Authority of St. Johns County such that Part III, Chapter 112, Florida Statutes, the Code of Ethics for Public Officers and Employees, is implicated.